The next case is People of the State of Illinois v. Stephanie McElroy. Ms. Corbyn, it looks like appellant's counsel has waived. Do you wish to make an argument? Briefly. You may proceed. This is on appeal from the denial of the defendant's post-conviction petition at the third stage after an evidentiary hearing. The defendant seems to think that this is really at the second stage, but looking at the pleadings, the motion that the people filed was a motion for denial, and the order that was given was a denial of the petition. And there was a hearing at which arguments were presented on this motion. In any event, whether this court decides that this was a second stage petition dismissal or a third stage denial after an evidentiary hearing, the standard of review is the same. It's de novo. In either event, the defendant failed to make a substantial claim of a denial of constitutional right and failed to show it. The post-conviction petition relied on Arizona v. Gant. Gant itself does not apply retroactively to matters that are now pending on collateral review. It applied only to those matters that were pending on direct review at the time that Arizona v. Gant was decided, and that was on April 21, 2009. This particular defendant was sentenced on February 27, 2009, and she took no appeal. So Gant clearly does not apply retroactively. But even if it did, this doesn't entitle her to any relief, Gant doesn't, because, first of all, she was arrested for illegal unlawful procurement of methamphetamine precursors. And it was reasonable to believe under Gant, the second of the two-part test is, if the police have reason to believe that the vehicle contains evidence relevant to the crime of the arrest, then they may search it. And in this case, the officers had observed their, what they called a pill smurfer, that was an occupant of the van go and purchase Sudafed. And they knew that the other two occupants, Bisa, who was the owner and driver of the van, and the defendant herself, had been on several Sudafed walks for recent and numerous purchases. And they knew that the other occupant, Reed, had gone in and had purchased Sudafed. So when they followed the van to the end of the long driveway and it stopped at a residence, it wasn't a vehicle stop such as would be under Gant or Stamen. It wasn't a stop of the vehicle. It was an encounter between the officers and the occupants of the van as they got out. It was not a stop. So for that reason, Gant itself or Stamen wouldn't apply either. But they had, the defendant had no reasonable expectation of privacy in the van itself because she wasn't the driver, she wasn't the owner. There was no evidence that she had any right to control or exclude or exert any kind of possessory interest over that van. And that she had, I mean, there was no evidence that she had a reasonable expectation of privacy in the van. So she had no basis for objecting to the search of the van. And it was a search incident to the rest of the applicable law at the time. And there was nothing wrong with that. And in searching the van, they found the pills, they found the empty blister packs. And at that point, the defendant was arrested for the crime of unlawful possession of, I mean, unlawful procurement of methamphetamine precursors. So at that point in time, it was reasonable under Gant to think that there would have been more evidence of that crime inside of her purse. And it was proper to search the purse under Gant, even though it was not exactly a traffic stop. So the defendant has no basis for making a post-conviction complaint. And this court should affirm the court's order denying the petition in the third stage. Thank you. We'll take the matter under advisement and provide you with a decision on the earliest possible date.